UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Wilbert Glover,

    Plaintiff,

v.

Brad Trelstad et al.,

    Defendants.

Case No. 22-cv-1302 NEB/ECW

**ORDER**

---

This matter comes before the Court on Plaintiff's "Disqualification of Justice Magistrate Judge: Elizabeth Cowan Wright Pursuant to 28 U.S.C. § 455(a)(b)(l)(5.3)." (Dkt. 29.)[1] For the reasons set forth below, the Motion is denied.

### I.  BACKGROUND

This case was initiated by Plaintiff Wilbert Glover on May 13, 2022, by filing his original Complaint, and originally assigned to U.S. District Judge John R. Tunheim and U.S. Magistrate Judge David T. Schultz. (Dkt. 1.) In June 2022, Plaintiff was ordered to and subsequently filed an Amended Complaint. (Dkts. 3, 4.) The Amended Complaint asserts that Plaintiff was subject to various unconstitutional and illegal conditions, including racial harassment, while at the Ramsey County Adult Detention Center. (Dkt. 4 at 6-18.) The case was then reassigned as a related case to U.S. District Judge Nancy E. Brasel and U.S. Magistrate Judge Becky R. Thorson, and then reassigned from

---

[1]     Citations to filed materials use the docket and page numbers assigned by the District's CM/ECF filing system.

Magistrate Judge Thorson to the undersigned due to Magistrate Judge Thorson's retirement. (Dkts. 7, 8.)

On December 19, 2022, Judge Brasel stayed the action pending the final resolution, including any appeals, of *Glover v. Bostrom*, No. 18-CV-285 (NEB/ECW) (D. Minn.). (Dkt. 9.) The Eighth Circuit Court of Appeals affirmed the judgment in *Bostrom* in October 2023, which resolved that action. *See Glover v. Bostrom*, No. 23-1104 (8th Cir. Oct. 4, 2023). Judge Brasel lifted the stay of this case on November 6, 2023. (Dkt. 11.) On December 13, 2023, Judge Brasel ordered Plaintiff to show cause why the case should not be dismissed on issue preclusion and claim preclusion grounds (Dkt. 12), Plaintiff filed his response on January 10, 2023 (Dkt. 13), and on April 8, 2024 the Court granted Plaintiff's second application to proceed in forma pauperis in this case (Dkt. 14). Plaintiff is proceeding pro se in this matter.

Defendants Brad Trelstad, Brad Lindberg, Matt Bostrom, Joe Paget, Richard Rodriguez, Jason Degestrom, K. Davy, and Ramsey County (Ramsey County Defendants) filed an Answer to Plaintiff's Amended Complaint on May 1, 2024. (Dkt. 23.) Waiver of service as to Defendant Nicole Spears was returned unexecuted on May 28, 2024. (Dkt. 25.) On June 3, 2024, the undersigned ordered that the parties meet and confer and submit a Joint Report pursuant to Federal Rule of Civil Procedure 26(f). (Dkt. 26.)

Plaintiff filed the "Disqualification of Justice Magistrate Judge: Elizabeth Cowan Wright Pursuant to 28 U.S.C. § 455(a)(b)(l)(5.3)," which the Court construes as a motion seeking recusal of the undersigned, on June 14, 2024. (Dkt. 29.)

## II. ANALYSIS

Plaintiff seeks recusal of the undersigned in this matter. (Dkt. 29). The entire basis of Plaintiff's request for disqualification under 28 U.S.C. § 455 is as follows: "Magistrate Judge Elizabeth Cowan Wright shall also disqualify herself in the following circumstances personal bias and prejudice concerning Plaintiff pro-se party and personal knowledge of disputed evidentiary facts concerning these and others proceeding." (Dkt. 29 at 2.)

In relevant part, 28 U.S.C. § 455 requires as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455.

"[R]equests for recusal under 28 U.S.C. § 455 may be determined, in the first instance, by the judge whose impartiality has been questioned." *Moore v. Hamline Univ.*, No. 23-CV-3723 (KMM/TNL), 2024 WL 279099, at *1 (D. Minn. Jan. 25, 2024); *see also United States v. Hogeland*, Case No. 10-cr-0061 (PJS/AJB), 2012 WL 4868904, at *8 n.9 (D. Minn. Oct. 15, 2012) ("There is no requirement that a [section] 455 motion to disqualify be heard by a different judge than the one whose disqualification it seeks. Indeed, such motions are almost always decided by the judge whose recusal is sought.").

The Court should recuse if it is shown that the Court has a personal bias or prejudice arising from an extrajudicial source. *See Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989) (citing *United States v. Jones,* 801 F.2d 304, 312 (8th Cir. 1986)); *see also Liteky v. United States*, 510 U.S. 540, 551 (1994) (extrajudicial source is not the only basis for establishing disqualifying bias or prejudice but is the most common basis). Judicial rulings alone, or the lack thereof, almost never constitute a valid basis for a bias or partiality motion for disqualification. *See Liteky*, 510 U.S. at 555. Further, "[t]he test for recusal is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case." *United States v. Aldridge*, 561 F.3d 759, 764 (8th Cir. 2009) (marks and citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Johnson v. Steele*, 999 F.3d 584, 587 (8th Cir. 2021) (quoting *United States v. Delorme*, 964 F.3d 678, 681 (8th Cir. 2020)).

As best as this Court can discern, Plaintiff is concerned that because the undersigned has been or is assigned to other cases brought by Plaintiff in this lawsuit, including *Bostrom* (which has been deemed a "related" case) and *Glover v. Croucher*, Case No. 22-cv-1338 (NEB/ECW) (which has been deemed "related" to *Bostrom*), this Court is biased or has personal knowledge of disputed evidentiary facts.[2] However, "a

---

[2] In the District of Minnesota, cases are assigned "to particular divisions and particular judges in accordance with the Order for Assignment of Cases that the court's district judges have adopted." D. Minn. LR 83.11(b). The Order for Assignment of Cases states in relevant part:

motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench." *Phillip v. ANR Freight Sys., Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991); *see also Jackson v. Wells Fargo*, No. 19-CV-2326 (NEB/BRT), 2019 WL 6492464, at *1 (D. Minn. Dec. 3, 2019) (affirming denial of motion for recusal based on judge's "reasoning and recommendation in the Related Case R&R" where "[n]othing in that R&R suggests bias or prejudice"). Plaintiff has not identified any facts that would warrant deviating from this ordinary practice. Nor does the Court have any personal knowledge of any facts underling the allegations in the Amended Complaint. For these reasons, his motion seeking recusal of the undersigned is denied.

---

4. Rules Governing Reassignment of Related Civil Cases

    a. For purposes of this Order, a new civil case may be deemed "related" to another open or closed civil case, if it appears that:

        i. The two cases share common issues of law or fact, common parties or other common factors;

        ii. A decision or opinion in one of the cases will effectively resolve substantially all of the issues in the other case; or

        iii. The interests of justice or judicial economy would be best served if the two actions were handled by a single judge, even though the resolution of one case might not effectively resolve all of the issues in the other case.

*See Order for Assignment of Cases*, (D. Minn. July 19, 2021), https://www.mnd.uscourts.gov/sites/mnd/files/Order-for-Assignment-of-Cases.pdf (last visited June 21, 2024).

### III. ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**: Plaintiff's "Disqualification of Justice Magistrate Judge: Elizabeth Cowan Wright Pursuant to 28 U.S.C. § 455(a)(b)(l)(5.3)" (Dkt. 29), which the Court construes as a motion for recusal of the undersigned, is **DENIED**.

Dated: June 21, 2024                              *s/Elizabeth Cowan Wright*
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge